# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) **JUDGMENT IN A CRIMINAL CASE** |
| | ) |
| v. | ) Case Number: 1:18-CR-165-LMM |
| | ) USM Number: 19404-023 |
| MARIO JOHNSON | ) |
| | ) Regina Cannon |
| | ) Defendant's Attorney |

**THE DEFENDANT:**

The defendant pleaded guilty to count 1 of the Indictment.

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 1344 and 1349 | Conspiracy to Commit Bank Fraud | January 16, 2018 | 1 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

August 15, 2018
Date of Imposition of Judgment

*/s/ Leigh Martin May*
Signature of Judge

**LEIGH MARTIN MAY, U. S. DISTRICT JUDGE**
Name and Title of Judge

August 15, 2018
Date

Judgment in a Criminal Case
Sheet 2 — Imprisonment

DEFENDANT: Mario Johnson
CASE NUMBER: 1:18-CR-165-LMM

Judgment — Page 2 of 5

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of **TWELVE (12) MONTHS and ONE (1) DAY** as to count 1 of the Indictment.

The Court recommends that defendant be incarcerated in a facility as close to Atlanta, Georgia as possible to be close to his family.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
    Deputy U. S. Marshal

Judgment in a Criminal Case
Sheet 3 — Supervised Release

DEFENDANT: Mario Johnson
CASE NUMBER: 1:18-CR-165-LMM

Judgment — Page 3 of 5

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **THREE (3) YEARS** as to count 1 of the Indictment.

Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released.

While on supervised release, the defendant shall not commit another federal, state or local crime, shall comply with the standard conditions that have been adopted by this court, and shall comply with the following additional conditions:

## MANDATORY CONDITIONS

The defendant shall submit to drug testing if requested to do so by the United States Probation Officer.

Pursuant to 42 U.S.C. Section 14135a(d)(1) and 10 U.S.C. Section 1565(d), which require mandatory DNA testing for Federal Offenders convicted of felony offenses, the defendant shall cooperate in the DNA collection as directed by the probation officer.

The defendant shall make a full and complete disclosure of finances and submit to an audit of financial documents at the request of the United States Probation Officer.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the United States Probation Officer and unless the defendant is in compliance with the installment payment schedule.

The defendant shall not own, possess or have under his control any firearm, dangerous weapon, or other destructive device.

The defendant shall submit to a search of his person, property, house, residence, vehicle, papers, [computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media,], or office, to a search conducted by a United Sates Probation Officer. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. The defendant shall permit confiscation/disposal of any material considered contraband or any other item which may be deemed to have evidentiary value related to violations of supervision.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

Judgment in a Criminal Case
Sheet 3 — Supervised Release

DEFENDANT: Mario Johnson
CASE NUMBER: 1:18-CR-165-LMM

Judgment — Page 4 of 5

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see Overview of Probation and Supervised Release Conditions, available at: www.uscourts.gov.

I understand that a violation of any of these conditions of supervised release may result in modification, extension, or revocation of my term of supervision.

Defendant's Signature _____   Date _____

USPO's Signature _____   Date _____

Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

DEFENDANT: Mario Johnson
CASE NUMBER: 1:18-CR-165-LMM

Judgment — Page 5 of 5

# CRIMINAL MONETARY PENALTIES

The defendant shall pay to the United States a special assessment of $100 which shall be due immediately.

The Court finds that the defendant does not have the ability to pay a fine and cost of incarceration.

**Special Assessment**

TOTAL       $100

**Fine**

TOTAL       $0

**Restitution**

TOTAL       $3,979.77

| Name of Payee | Restitution Ordered |
|---|---|
| U.S. Bank<br>Attn: Restitution Dept.<br>c/o David Tyler<br>301 East Parkcenter Blvd.<br>Boise, ID 83706 | $3,979.77 |
| **TOTAL** | $3,979.77 |

The defendant shall make restitution in the total amount of **$3,979.77**, joint and several with Vantrez Vandeal Jones (1:18-cr-49, District of Idaho), to the Clerk, U.S. District Court, Northern District of Georgia, 2211 U.S. Courthouse, 75 Ted Turner Dr. SW, Atlanta, Georgia 30303.

The defendant shall notify the United States Attorney for this district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.

The restitution shall be paid in full immediately. If not paid in full immediately, the defendant shall make restitution payments from any wages he may earn in prison in accordance with the Bureau of Prisons Financial Responsibility Program. Any portion of the restitution that is not paid in full at the time of the defendant's release from imprisonment shall become a condition of supervision and be paid at the monthly rate of at least $200, plus 25% of gross income in excess of $2,500 per month.